OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


November 20, 2002

The Honorable Carole Keeton Rylander
Comptroller of Public Accounts
Lyndon B. Johnson Building
P.O. Box 13528
Austin, Texas 78711-3528

Opinion No. JC-0581

Re: Whether "the Great State Challenge" qualifies as "Breeders' Cup races" under section 6.094 of the Texas Racing Act, article 179e, Revised Civil Statutes (RQ-0567-JC)

Dear Comptroller Rylander:

You ask whether "the Great State Challenge" qualifies as "Breeders' Cup races" under section 6.094 of the Texas Racing Act, article 179e of the Revised Civil Statutes (the "Act"). We conclude that it does not.

Before turning to your question, we briefly review the statute at issue. Section 6.094 of the Texas Racing Act authorizes a racing association that conducts "Breeders' Cup races" to apply for the reimbursement of costs associated with holding the races from amounts that the association would otherwise pay the state under sections 6.091 and 6.093 of the Act. *See* TEX. REV. CIV. STAT. ANN. art. 179e, § 6.094(b)-(c) (Vernon Supp. 2002). Under those provisions, a racing association must set aside for the state a certain percentage of various types of pari-mutuel pools. *See id.* §§ 6.091, .093. The section 6.094 scheme applies only if a Texas racing association has been officially designated to host the Breeders' Cup races:

> Beginning on January 1 of the year *for which the association has been officially designated to host the Breeders' Cup races*, amounts that would otherwise be set aside by the association for the state during that year under Sections 6.091(a)(1) and 6.093 of this Act shall be set aside . . . for deposit into the Breeders' Cup Developmental Account.

*Id.* § 6.094(b) (emphasis added). Section 6.094 establishes the Breeders' Cup Developmental Account as an account in the general revenue fund, administered by the Texas Racing Commission. *See id.* The Comptroller is charged with prescribing procedures regarding the deposit of funds into the Breeders' Cup Developmental Account. *See id.* § 6.094(b), (f)(2).

The Racing Commission "shall make disbursements from the Breeders' Cup Developmental Account to reimburse Breeders' Cup costs actually incurred and paid by the association, after the association files a request for reimbursement." *Id.* § 6.094(c). Section 6.094 defines "Breeders' Cup

costs" as "all costs for capital improvements and extraordinary expenses reasonably incurred for the operation of the Breeders' Cup races, including purses offered on other days in excess of the purses that the host association is required to pay by this Act." *Id.* § 6.094(a)(1). Disbursements from the account may not exceed $2 million. *See id.* § 6.094(b)-(c).

In connection with your duties under the Act, you ask whether "the Great State Challenge" qualifies as "Breeders' Cup races" under section 6.094.[1] In your letter, you explain that the National Thoroughbred Racing Association (NTRA) has designated the Sam Houston Race Park to host the inaugural "Great State Challenge" on December 7, 2002. *See* Request Letter, *supra* note 1. The race will be funded by the NTRA, Breeders' Cup Limited, state breeders, and the race park. *See id.* It will be modeled on the Breeders' World Cup Thoroughbred Championships, an event that was formerly called the Breeders' Cup. *See id.* You also inform us that the Breeders' World Cup Thoroughbred Championships are now conducted by the NTRA and Breeders' Cup Limited. *See id.* This year, the Breeders' World Cup Thoroughbred Championships will be held in Illinois. *See id.*

We conclude that "the Great State Challenge" does not qualify as "Breeders' Cup races" under section 6.094. Section 6.094 expressly defines "Breeders' Cup races" to mean "a series of thoroughbred races known as the Breeders' Cup Championship races conducted annually by Breeders' Cup Limited on a day known as Breeders' Cup Championship day." TEX. REV. CIV. STAT. ANN. art. 179e, § 6.094(a)(2) (Vernon Supp. 2002). On its face, section 6.094 applies only to the Breeders' Cup Championship races. Based on the facts asserted in your letter, it appears that this year the Breeders' Cup Championship, or at least the successor to that event, will take place in Illinois and that the "Great State Challenge" is not the Breeders' Cup Championship races (or a successor thereto) but rather another event modeled after the Breeders' Cup races.

Our conclusion that the legislature intended section 6.094 to apply only to one racing event is supported by the legislative history. The legislature added section 6.094 to the Act in 2001 in Senate Bill 1096. A bill analysis states that its purpose is to provide "a funding mechanism for the track that conducts the Breeders' Cup races," which the bill analysis compares to the "Olympic or Pan American games." BILL ANALYSIS, HOUSE COMM. ON LICENSING & ADMINISTRATIVE PROCEDURES, Tex. S.B. 1096, 77th Leg., R.S. (2001); *see also Hearings Before the Senate Bus. & Commerce Comm.*, 77th Leg., R.S. (Apr. 3, 2001) ("The Breeders' Cup is a prestigious, internationally recognized event that offers possibly $13 million dollars in purses for one day of horse-racing. Simply put, this day of racing is to the pari-mutuel industry what the Super Bowl is to football, the Final Four is to college basketball, what the World Series is to baseball.") (testimony of Senator Cain, author of S.B. 1096) (tape available from Senate Staff Services Office). The fiscal note for Senate Bill 1096 is based on the following assumption:

> The first year that a racing association in Texas could host the Breeders' Cup is 2004. The venues for Breeders' Cup races through 2003 have already been selected. If a Texas race track were chosen for

---

[1]Letter from Honorable Carole Keeton Rylander, Comptroller of Public Accounts, to Honorable John Cornyn, Texas Attorney General (June 21, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

the Breeders' cup race in 2004, a Texas race track could not host the Breeders' Cup for approximately another five years because the race currently rotates among five race tracks nationally.

FISCAL NOTE, Tex. S.B. 1096, 77th Leg., R.S. (2001). On the basis of this assumption, the fiscal note concludes that Senate Bill 1096 would have no fiscal impact on the state budget until at least 2004:

It is estimated that up to a $2,000,000 loss to the General Revenue Fund would occur in fiscal year 2004, or any fiscal year thereafter in which a Texas race track were chosen to host the Breeders' Cup, due to the diversion of pari-mutuel taxes from the General Revenue Fund to the new General Revenue-Dedicated Account.

*Id.* Clearly, the legislature intended section 6.094 to apply to one particular event, the Breeders' Cup Championship races, which could not be held in Texas until at least 2004, and did not intend for section 6.094 to apply to other similar events.

## S U M M A R Y

"The Great State Challenge" does not qualify as "Breeders'
Cup races" under section 6.094 of the Texas Racing Act.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee